**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| HDI GLOBAL INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C. A. NO._____ |
| | § | |
| FEDEX FREIGHT, INC., and FEDEX | § | |
| CORPORATION d/b/a FEDEX | § | |
| INTERNATIONAL | § | |
| Defendants | § | |
| | § | |

## <u>COMPLAINT</u>

Plaintiff HDI Global Insurance Company ("HDI"), by and through its attorneys Hill Rivkins LLP, as and for its Complaint against Defendants FEDEX Freight Inc. ("FEDEX FREIGHT"), and FEDEX Corporation d/b/a FEDEX International ("FEDEX Corp.") alleges upon information and belief as follows:

1. This action arises from loss or damage to a shipment of an R&S Rack System including equipment, systems and related software (the "Cargo") transported by international air carriage from Munich, Germany to Coppell, Texas in the United States in April 2024.

2. This Honorable Court has jurisdiction pursuant to 28 USC § 1331, in that the action is governed by the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999 (entered into force Nov. 4, 2003), S. Treaty Doc. No. 106-45, commonly known as the "Montreal Convention."

1

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and/or Article 33.1 of the Montreal Convention insofar as: FEDEX FREIGHT operates in this District and is subject to the personal jurisdiction of this Honorable Court.

4.    At all times relevant hereto, plaintiff HDI Global Insurance Company ("HDI") was and now is a corporation organized and existing by virtue of Illinois law, with an office and place of business at 161 North Clark Street, 48th floor, Chicago, Illinois 60601. Pursuant to a policy of insurance, HDI Global paid its insured for loss of and/or damage to the subject shipment and has become subrogated to the rights of its insured, Rhode & Schwartz USA Inc. in Columbia, Missouri, whatever those rights may be.

5.    At all times relevant hereto, Defendant FEDEX FREIGHT was and now is a corporation organized and existing by virtue of Arkansas law, registered to do business within the State of Texas as a foreign business corporation, with an office and place of business at 8285 Tournament Drive, Building C, Memphis, TN 38125. Defendant FEDEX FREIGHT maintains a registered agent in the State of Texas and thus may be served through sad agent at: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

6.    At all times relevant hereto, Defendant FEDEX Corporation d/b/a FEDEX International ("FEDEX Corp.")  was and now is a corporation organized and existing by virtue of Delaware law, registered to do business within the State of Texas as a foreign business corporation, with an office and place of business at 3610 Hacks Cross Rd., Memphis, TN 38125. Defendant FEDEX FREIGHT maintains a registered agent in the State of Texas and thus may be served through sad agent at: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

2

7.      At all times relevant hereto, Defendants FEDEX FREIGHT and FEDEX Corp. were and now are engaged in business as a common air carrier of goods for hire, issuing air waybills for the international carriage of goods aboard aircraft and/or issuing ground transportation bills of lading for interstate transit in the United States.

8.      On or about April 1, 2024, the Cargo was tendered to and delivered into the care, custody, and control of Defendants FEDEX FREIGHT and/or FEDEX Corp. (and/or their servants, agents, and/or subcontractors) in good order and condition, and suitable in every respect for the intended transportation, which Defendants FEDEX FREIGHT and/or FEDEX Corp. received, accepted, and agreed to transport for certain consideration by air carriage from Munich, Germany to Coppell, Texas.

9.      Upon information and belief, FEDEX Corp. tendered the Cargo to its affiliate, EDEX Freight, in Memphis, Tennessee, and offloaded the Cargo from an aircraft to its FEDEX Freight ground delivery equipment for the ultimate delivery to Coppell, Texas. Thereafter, FEDEX Freight handled the final delivery to Coppell, Texas.

10.     Thereafter, FEDEX FREIGHT and/or FEDEX Corp. (and/or their servants, agents, and/or subcontractors) delivered the Cargo upon arrival at Coppel, Texas, on or about April 2, 2024, in damaged condition.

11.     By reason of the premises, Defendants FEDEX FREIGHT and/or FEDEX Corp. (and/or their servants, agents, and/or subcontractors, for whom Defendants FEDEX FREIGHT and/or FEDEX Corp. are responsible) failed to deliver the Cargo at destination in the same good order and condition as it was received; breached their duties and obligations as international air carriers, interstate carriers, and/or bailees of the Cargo; was negligent and

careless in their handling of the Cargo; and was otherwise at fault for the loss or damage described herein.

12.     Following delivery, the consignee and/or owner of the Cargo submitted an insurance claim to Plaintiff HDI under a policy then in full force and effect for the loss or damage to the Cargo, which Plaintiff HDI paid.

13.     By virtue of its payment to the consignee and/or owner of the Cargo, Plaintiff HDI became subrogated to all of their respective rights, remedies, and claims for relief with respect to the Cargo, including those asserted against Defendants FEDEX FREIGHT and/or FEDEX Corp. herein.

14.     Plaintiff HDI brings this action on its own behalf and, as agent and trustee, on behalf of all parties who are or may become interested in the Cargo, as their respective interests may ultimately appear, and Plaintiff HDI is entitled to maintain this action.

15.     All obligations and conditions precedent to suit have been performed by Plaintiff HDI, its insureds, and/or subrogors, including but not limited to the payment of freight and the submission of timely written notice to Defendants FEDEX FREIGHT and/or FEDEX Corp. of the loss and damage to the Cargo pursuant to Article 31 of the Montreal Convention and the United States  ICC Termination  Act of 1995 (sometimes called the Carmack Amendment).

16.     Plaintiff HDI has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $23,408.46.

4

**WHEREFORE**, Plaintiff HDI prays:

(i)  that process in due form of law according to the practice of this Court may issue against Defendants FEDEX FREIGHT and/or FEDEX Corp., citing them to appear and answer the foregoing;

(ii)  that a judgment may be entered against Defendants FEDEX FREIGHT and/or FEDEX Corp., jointly and severally, in the amount of $23,408.46, together with costs, interest, and reasonable attorney's fees; and

(iii)  for such other and further relief as this Court may deem just and proper under the circumstances.

Respectfully submitted,

*/s/ Dana K. Martin*

_____

DANA K. MARTIN
SDTX ID.NO. 126
Texas Bar No.: 13057830
HILL RIVKINS LLP
1000 N. Post Oak Rd, Suite 220
Houston, Texas 77055
Telephone:   (713) 222-1515
Direct Line:   (713) 457-2287
Mobile:   (713) 446-9311
Telefax:   (713) 222-1359
Email: dmartin@hillrivkins.com

**ATTORNEYS IN CHARGE FOR
PLAINTIFF HDI GLOBAL
INSURANCE COMPANY**